# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

WEB Equipment
of Texas, Inc.

v.

Luther M. Price

June 2, 1999

Case No. CL99-01

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question presented is whether a Virginia court may exercise personal jurisdiction over this nonresident defendant under the so-called long arm statute.

### Facts

For purposes of this determination, the parties have stipulated the pertinent facts.

The plaintiff (WEB) is a Virginia corporation engaged in the business of selling and leasing heavy equipment.

WEB employed the defendant (Price) as sales manager for a territory in Texas, operating from an office in Hurst, Texas. WEB and Price entered into an employment agreement on March 6, 1998. The agreement contains a "no compete" clause. The agreement also provided that it is to be governed by the "substantive and procedural laws" of Virginia.

In its suit against Price, filed in this court on January 4, 1999, WEB alleges that Price ended his employment in November of 1998 and breached the "no compete" provisions of the employment agreement.

Price is a resident of Texas. He has never lived in Virginia. His responsibilities with WEB were in Texas. The employment agreement was signed by WEB and Price in Texas. Price's office was in Texas.

On the other hand, Price communicated regularly with his employer in Virginia by telephone and telecopier. He visited Virginia on at least three occasions for business-related purposes, to attend a company picnic, to receive computer training, and to attend a business meeting. His paychecks were drawn on WEB's Virginia bank account.

Price allegedly breached the employment agreement in Texas. The essence of WEB's claim is that Price solicited WEB's customers in Texas and disclosed confidential and proprietary information as to his new employer in Texas.

In response to the suit, Price made a special appearance to move the court to quash process and to dismiss the case for lack of in personam jurisdiction. Arguments on the motions were heard on May 17, 1999, and taken under advisement.

## *Legal Principles*

In order to make a binding adjudication, a court must have authority over the subject of the litigation ("potential" or "subject matter" jurisdiction) and jurisdiction over the parties to the lawsuit (often referred to as "active" jurisdiction). Active jurisdiction presupposes potential jurisdiction. Active jurisdiction involves giving the defendant notice that his rights are going to be adjudicated so that he may appear and defend himself. The essence of active jurisdiction is fairness. Bryson, *Virginia Civil Procedure* (3d ed. 1997), p. 107; 11B M.J., *Jurisdiction*, § 2.

Because of our system of federalism, the circumstances in which the courts of one state can acquire active jurisdiction over the citizen of another state has been a fertile ground of litigation. More than fifty years ago, in a case every law school graduate knows by name, the United States Supreme Court laid out the basic constitutional principle: for a court to exercise its power over a defendant in a civil case, consistent with the due process clause of the Constitution, the defendant must have at least "minimum contacts" with the forum state so that maintenance of the suit does not "offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310 (1945); also see Bryson, *supra*, p. 119.

In response to *International Shoe*, the states enacted so-called "long arm" statutes designed to explicitly authorize in personam jurisdiction of each state's courts to the fullest extent permitted by the due process clause.

Virginia's long arm statute is Virginia Code § 8.01-328 through § 8.01-330.

Pertinent to this case, § 8.01-328.1 provides that a Virginia court may exercise personal jurisdiction over a person as to a cause of action arising from that person's "transacting any business in this Commonwealth," or "contracting to supply services or things in this Commonwealth." The statute further provides that "only a cause of action arising from the acts enumerated" in that statute may be asserted against the defendant when personal jurisdiction is based solely on the long arm statute.

Since *International Shoe*, most of the attention regarding active jurisdiction has focused on whether, in a particular case, the nonresident defendant has sufficient "minimum contacts" with the forum state. The "transacting any business" language of the statute is compatible with the constitutional "minimum contacts" requirement. See *McGee v. International Life Ins. Co.*, 355 U.S. 220 (1957).

Virginia's long arm statute is a "single transaction" statute. *Kolbe v. Chromodern, Inc.*, 211 Va. 736 (1971). In other words, the nonresident defendant does not have to be "doing business" in Virginia on a widespread or long-term basis to confer jurisdiction over him on Virginia's courts. Rather, a single "transaction" will suffice as long as it is "purposeful activity" and the cause of action asserted in the Virginia lawsuit arises from that "purposeful activity" transacted in Virginia. See, e.g., *United Coal Co. v. Land Use Corp.*, 575 F. Supp. 1148 (W.D. Va. 1983); *Viers v. Mounts*, 466 F. Supp. 187 (W.D. Va. 1979).

The case of *I. T. Sales v. Dry*, 222 Va. 6 (1981), is similar in many respects to this case. There, the plaintiff, a Virginia corporation, was a manufacturer's representative making sales of clothing to military installations. The plaintiff hired the defendant, a Virginia resident, and an employment agreement was signed in Virginia. Pursuant to the agreement, the defendant moved to California and called upon military installations there to make sales. He forwarded his purchase orders to the plaintiff in Virginia. Deliveries of merchandise were made to the purchasers directly from the manufacturer. When the defendant allegedly breached the employment agreement, the plaintiff instituted suit in Virginia.

The Supreme Court held that execution of the employment contract in Virginia constituted a business transaction that was sufficient to confer active jurisdiction on Virginia courts under the long arm statute, even though substantially all performance under the contract took place outside Virginia. The court said:

> [W]e do not believe it would offend basic concepts of fairness and justice to require the present defendant to submit to the jurisdiction

of this state's courts. By entering into his employment contract in Virginia, even though the agreement required him to move to California, the defendant conducted a business transaction in this state that was sufficiently substantial to bring his case within the provisions of [§ 8.01-328.1].

Here, the employment agreement was made in Texas, not Virginia. *Both* parties signed it there. Unlike Dry, Price was not a resident of Virginia who then moved to Texas to perform duties there for his employer.

Even if Price's three business-related visits to Virginia and his telephone and telecopier communications with WEB in Virginia were "purposeful business transactions," those contacts were too insignificant to confer jurisdiction on Virginia courts. See, e.g., *De Santis v. Hafner Creations*, 949 F. Supp. 419 (E.D. Va. 1966).

Further, it is important to note that the long arm statute contains the express limitation that "only a cause of action arising from acts [giving rise to the jurisdictional claim] may be asserted" against the nonresident defendant. WEB's cause of action does not arise from Price's visits to Virginia or his telephone and telecopier communications with WEB. Instead, the cause of action arises from the employment agreement, which the parties have stipulated was made in Texas, and Price's alleged breach of that agreement, which the parties have stipulated occurred in Texas.

## Conclusion

For these reasons, the court is of the opinion that this court cannot acquire in personam jurisdiction over the defendant, and the case must be dismissed. The defendant's motions to quash process and to dismiss the case are granted.