# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

First Nations
Development Institute

v.

Patrick Borunda

June 8, 2001

Case No. CH00-608

BY JUDGE WILLIAM H. LEDBETTER, JR.

The issue in this case is whether a Virginia court can exercise personal jurisdiction over this nonresident defendant under the long arm statute.

*Facts*

For this decision, the facts set forth in the parties' pleadings, memoranda, and attachments to their memoranda are sufficient. Although the parties have not stipulated the facts, their variances are minimal and, by agreement, are not significant enough to require an evidentiary hearing.

The undisputed pertinent facts are as follows.

The plaintiff, First Nations, is a Virginia corporation engaged in promoting economic development on Native American reservations through grants, loans, and education.

By letter dated January 27, 1999, First Nations mailed an employment offer to the defendant, Borunda, at his residence in the State of Washington. According to its terms, Borunda would operate First Nation's Oweesta

program from Vancouver, Washington. (The Oweesta program provides financing for community economic development projects on reservations.) Borunda signed the document and returned it by mail to First Nations in Virginia.

Thereafter, Borunda directed the Oweesta program from offices in Washington. Much of his field work was done in Washington, but it also carried him to other states. He did not work with any Native American reservations in Virginia.

In June of 2000, Borunda and officials of First Nations met in Denver, Colorado, to discuss his compensation, among other topics. Apparently, the parties thought those discussions were necessary because a dispute had arisen over whether Borunda had achieved certain "targets" referred to in his employment letter.

Under the impression that the dispute had been resolved, First Nations paid Borunda $12,667.74 a few days after the Colorado meeting. Payment was made by wire into Borunda's bank account in Washington. In addition, First Nations sent a new employment letter to Borunda. Borunda refused to sign it. When further negotiations proved fruitless, Borunda's employment was terminated.

First Nations commenced this litigation on September 7, 2000. In its bill of complaint, First Nations seeks damages for breach of contract (Count I), recovery of property in the possession of Borunda in Washington (Count II), and a declaratory judgment regarding Borunda's employment status and compensation (Count III).

In response, Borunda made a special appearance and filed a motion to quash service for lack of jurisdiction.

After submitting memoranda, affidavits, and various exhibits (to which neither party objects), the parties argued Borunda's motion on June 4, 2001. The court took the matter under advisement.

### Legal Principles

For a court to exercise its powers over a defendant in a civil case consistent with the due process clause of the United States Constitution, the defendant must have at least "minimum contacts" with the forum state so that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154 (1945).

In response to *International Shoe*, states have enacted so-called long arm statutes designed to explicitly authorize personal jurisdiction of each state's

courts over nonresidents to the fullest extent permitted by the due process clause. Virginia's long arm statute is Virginia Code § 8.01-328 through § 8.01-328.1.

Pertinent here, § 8.01-328.1 provides that a Virginia court may exercise personal jurisdiction over a person as to a cause of action arising from that person's "transacting any business in this Commonwealth;" "contracting to supply services or things in this Commonwealth;" "causing tortious injury by an act or omission in this Commonwealth;" or "causing tortious injury . . . by an act or omission outside this Commonwealth if he regularly does . . . business, or engages in any other persistent course of conduct or derives substantial revenue from services rendered in this Commonwealth." Further, the statute contains the limitation that "only a cause of action arising from acts [giving rise to the jurisdictional claim] may be asserted" against the nonresident.

Virginia's statute is a "single transaction" statute. *Kolbe v. Chromodern, Inc.*, 211 Va. 736, 180 S.E.2d 664 (1971). In other words, a single transaction will suffice as long as it is "purposeful activity" and the cause of action asserted arises from that purposeful activity transacted in Virginia.

## Decision

In *I.T. Sales v. Dry*, 222 Va. 6, 278 S.E.2d 789 (1981), the plaintiff was a Virginia manufacturer's representative making sales of clothing to military installations. The plaintiff hired Dry, a Virginia resident. The parties signed an employment agreement in Virginia. Dry then moved to California and called upon military installations there for sales. He forwarded his purchase orders to the plaintiff in Virginia who filled the orders by direct shipment from manufacturer to purchaser. When Dry allegedly breached his employment agreement, the plaintiff brought suit in Virginia.

The Virginia Supreme Court held that by entering into his employment contract in Virginia, Dry conducted a business transaction in Virginia that was sufficient to bring the case within § 8.01-328.1.

Thus, *I.T. Sales v. Dry* stands for the proposition that where an employment contract is made in Virginia between Virginia residents, long-arm jurisdiction lies for breach of that contrast, even though substantially all of the performance under the terms of the contract took place elsewhere.

Although both cases involve employment contract disputes, this case differs materially from *I.T. Sales v. Dry*. First, Borunda has never been a Virginia resident. In contract, Dry was a Virginia resident at the time he entered into his employment contract. Thereafter, he was sent to California to

perform the contract. Second, Borunda's employment agreement was not made in Virginia. The agreement was in letter form signed by a First Nations official and sent to Borunda in Washington, where he accepted and signed it. Dry's employment agreement was made in Virginia. Third, Borunda did not perform his employment contract in Virginia. According to the terms of his employment contract, he operated out of offices in Vancouver, Washington. His field work took him to other states, but never Virginia.

First Nations also contends that Borunda breached a supplemental agreement reached in June of 2000 when he "reneged" a few days later. That agreement, if there was one, was made in Colorado and performed in Washington.

First Nations points out that Borunda made two trips to Virginia to meet with First Nations officials before the inception of his employment. Nonetheless, no employment agreement was reached during those meetings. The court finds no authority for the proposition that preliminary discussions about an employment opportunity constitute a business transaction that is sufficient in itself to bestow personal jurisdiction upon the courts of the state where the discussions took place.

This case is quite similar to *WEB Equipment v. Price*, 49 Va. Cir. 134 (Spotsylvania County 1999), cited by both parties. There, Price was hired by WEB, a Virginia corporation, as sales manager for a territory in Texas, operating from an office in Hurst, Texas. WEB and Price entered into an employment contract. When a dispute arose over the contract, WEB brought suit here. This court found that there were not sufficient contacts to give this court personal jurisdiction over Price. Although Price communicated regularly with WEB in Virginia, visited Virginia three times, and received paychecks drawn on WEB's Virginia bank account, Price was a Texas resident, the employment contract was made in Texas, and Price's contract was performed and allegedly breached in Texas.

Here, as in *WEB v. Price*, even if Borunda's business-related visits to Virginia and his communications with First Nations in Virginia were "purposeful business transactions," those contacts were too insignificant to confer jurisdiction on Virginia courts. See, e.g., *DeSantis v. Hafner Creations*, 949 F. Supp. 419 (E.D. Va. 1966). Further, none of those acts gave rise to the causes of action asserted by First Nations.

The employment agreement was not made, performed, or breached in Virginia. The conversion of property did not occur in Virginia, nor did it cause injury to someone in Virginia under the circumstances set forth in § 8.01-328.1(A)(4). It follows that this court has no personal jurisdiction over Borunda as to the causes of action alleged.

216

Accordingly, Borunda's motion to quash service will be granted and the cause will be dismissed.