## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Paul G. Taylor

v.

John Campabasso

April 16, 2002

Case No. CL01-468

BY JUDGE WILLIAM H. LEDBETTER, JR.

The issue in this case is whether this court can exercise personal jurisdiction over this nonresident defendant under the Long Arm Statute.

*Facts*

The undisputed pertinent facts are as follows.

The plaintiff, Taylor, is a Virginia resident engaged in the painting business. Most of the business involves painting and repainting business facilities owned by chains or franchises, such as Red Lobster and Olive Garden restaurants. Taylor conducts the business out of his residence located in Spotsylvania County.

The defendant, Campabasso, is a resident of Long Beach, California, and operates a painting business there.

On June 11, 1999, Taylor and Campabasso signed a "Subcontractor Agreement" by which Campabasso would perform work for Taylor on various unspecified projects. He was to operate as an independent contractor, not as an employee of Taylor, and would use his own tools and transportation. The agreement contains a non-compete provision.

Campabasso performed subcontract work for Taylor in various places around the country until July 2000 when the parties parted ways. On July 12,

2000, they signed a "Settlement and General Release." The non-compete provision in the Subcontractor Agreement was reaffirmed in the Release.

Thereafter, according to Taylor, Campabasso contacted some of Taylor's "customers" and performed work for them in violation of the parties' Subcontractor Agreement and their subsequent Settlement and General Release.

On October 25, 2001, Taylor instituted this action, seeking damages for Campabasso's breach and, in a separate count, for tortious interference with contracts between Taylor and three others. Campabasso was served through the Secretary of the Commonwealth under the Long Arm Statute.

In response, Campabasso made a special appearance and filed a motion to quash service for lack of jurisdiction. Taylor filed a reply memorandum. The motion was heard on April 1, 2002.

## Legal Principles

For a court to exercise its powers over a defendant in a civil case consistent with the due process clause of the United States Constitution, the defendant must have at least "minimum contacts" with the forum state so that maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154 (1945).

In response to *International Shoe*, states enacted long arm statutes designed to explicitly authorize personal jurisdiction of each state's courts over nonresidents to the fullest extent permitted by the due process clause.

Virginia's Long Arm Statute is Virginia Code §§ 8.01-328 *et seq.*

Pertinent to this case, § 8.01-328.1 provides that a Virginia court may exercise personal jurisdiction over a person as to a cause of action arising from that person's "transacting any business in this Commonwealth"; "contracting to supply services or things in this Commonwealth"; "causing tortious injury by an act or omission in this Commonwealth"; or "causing tortious injury . . . by an act or omission outside this Commonwealth if he regularly does . . . business or engages in any other persistent course of conduct or derives substantial revenue from services rendered in this Commonwealth."

The Statute is a "single transaction" statute. *Kolbe v. Chromodern, Inc.*, 211 Va. 736, 180 S.E.2d 664 (1971). This means that a single transaction will suffice if it is "purposeful activity" and the cause of action asserted arises from the purposeful activity transacted in Virginia.

*Decision*

The Supreme Court of Virginia has held that where an employment contract is made in Virginia between two Virginia residents and then the employee moves to another state and performs the contract elsewhere, the employee has transacted business in Virginia so that personal jurisdiction lies under § 8.01-328.1 with respect to a controversy arising out of that employment contract. *I.T. Sales v. Dry*, 222 Va. 6, 278 S.E.2d 789 (1981).

Assuming that *Dry* stands for the broad proposition that Virginia courts may exercise personal jurisdiction over parties to a contract made in Virginia, even though its terms were performed elsewhere, that case is inapposite.

Here, the Subcontractor Agreement of June 11, 1999, was prepared in Virginia by Taylor and sent to California for Campabasso's signature. Similarly, Campabasso signed the Settlement and General Release on July 12, 2000, in California.[1]

Further, Campabasso is not, nor has he ever been, a resident of Virginia. Unlike Dry, he did *not* sign his contract in Virginia and then move to another state to perform it.

Campabasso did not perform the Subcontractor Agreement in Virginia. He operated out of his residence in California, traveling to various work sites in other states to perform the work pursuant to specific project contracts. Not one project was in Virginia.[2]

Taylor points out that on some occasions, employees of Campabasso would come to Taylor's residence in Virginia to pick up money owed for work done in other states. This activity is explained as sort of "dropping by" and does not constitute the kind of meaningful minimum contact or purposeful activity contemplated by the Long Arm Statute or the due process clause.

Finally, neither the Subcontractor Agreement nor the Settlement and General Release were breached in Virginia. According to Taylor, Campabasso has done work covered by the two-year non-compete clause at locales outside Virginia. Similarly, Campabasso's tortious interference with Taylor's contractual relationships with Air Pak, B & B Contracting, and Haley Construction did not occur in Virginia.

---

[1] There is no allegation or evidence regarding signatures on the various specific project contracts signed by Taylor and Campabasso. However, those contracts are not the origins of this controversy.

[2] Taylor points out that Campabasso painted a house in Stafford County for Taylor for $1,850.00. However, Taylor concedes that that activity was unrelated to the commercial work envisioned in the Subcontractor Agreement and has nothing to do with the non-compete provision in that contract.

This case is controlled by the analysis in two recent decisions of this court: *WEB Equipment v. Price*, 49 Va. Cir. 134 (1999), and *First Nations v. Borunda*, 56 Va. Cir. 212 (2001). In those cases, the court found that the contracts between an out-of-state resident and Virginia were too insignificant to confer personal jurisdiction on Virginia courts.

In sum, the contracts giving rise to this litigation were not made, performed, or breached in Virginia. Likewise, the tortious interference alleged by Taylor did not occur in Virginia. Campabasso did not regularly engage in any business or other persistent course of conduct or derive substantial revenue from services rendered in Virginia.

Accordingly, the motion to quash service will be granted and the case will be dismissed.