### Richmond

ASSOCIATES FINANCIAL SERVICES CO., INC.

V.

DAVID P. MCPEEK AND SHIRLEY MCPEEK

June 12, 1981.

Record No. 791231.

Present: Harrison, Poff, Thompson, JJ., and Harman, S.J.

*Stephen J. Kalista (Smith, Robinson & Vinyard,* on brief), for appellant.

*John M. Farmer (Joseph E. Wolfe; Earls, Wolfe & Farmer,* on brief), for appellees.

POFF, J., delivered the opinion of the Court.

This is a plaintiff's appeal from an order denying full faith and credit to a foreign judgment upon a finding that the foreign court lacked *in personam* jurisdiction over the judgment-debtors.

David P. and Shirley McPeek and two business partners traveled from their homes in Dickenson County, Virginia, to Brentwood, Maryland, to buy a coal truck. There, they bought the truck from a dealer, signed a note and financed the purchase through Associates Financial Services, Co., Inc., a Maryland corporation, and drove the truck home. After making several payments by mail, the purchasers defaulted on their loan. Associates sued them in the Circuit Court for Prince George's County, Maryland, and Maryland process was served upon the McPeeks in Dickenson County by a local deputy sheriff. The McPeeks did not respond to the process, and 39 days later the Maryland court entered judgment for Associates.

Associates then filed suit on the Maryland judgment in the court below. The trial judge ruled that service of the Maryland process "did not give the foreign court jurisdiction and is therefore in violation of the due process clause of the Fourteenth Amendment" and that the McPeeks' contacts with Maryland were so negligible that the maintenance of the Maryland suit offended "traditional notions of fair play and substantial justice." Upon these rulings, the trial judge held that the Maryland judgment was not entitled to full faith and credit and dismissed Associates' motion for judgment.

We are of opinion the trial judge erred. Issues concerning the jurisdiction of a foreign court are governed by the law of the

foreign state, *Bloodworth* v. *Ellis,* 221 Va. 18, 22, 267 S.E.2d 96, 99 (1980), and we examine the law of Maryland. A Maryland court is authorized to "exercise personal jurisdiction over a person, who . . . [t]ransacts any business . . . in the State". Md. Cts. & Jud. Proc. Code Ann. § 6-103 (b) (1). This authorization, couched in Maryland's "long-arm statute", was designed to expand the scope of jurisdiction over nonresident defendants to the extent permitted by the Due Process Clause of the Fourteenth Amendment. *Mohamed* v. *Michael,* 279 Md. 653, 657, 370 A.2d 551, 553 (1977).

The court below ruled that the service of the Maryland process in Virginia denied the McPeeks due process. We think not. Md. Cts. & Jud. Proc. Code Ann. § 6-304 provides that when "the exercise of personal jurisdiction is authorized by this title, the defendant may be served with process . . . outside of the State." Such a provision does not offend due process. The Due Process Clause requires that a defendant be given fair notice of an action brought against him. *World-Wide Volkswagen Corp.* v. *Woodson,* 444 U.S. 286, 291 (1980). Notice is constitutionally sufficient if its "reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane* v. *Central Hanover Trust Co.,* 339 U.S. 306, 314 (1950). "[P]ersonal service even without the jurisdiction of the issuing authority serves the end of actual and personal notice, whatever power of compulsion it might lack." *Id.* at 319 (dicta).

The Maryland Court of Appeals has held that service of Maryland process in Virginia satisfies the due process notice requirement, *Glading* v. *Furman,* 282 Md. 200, 209, 383 A.2d 398, 403 (1978), and we agree.

Notice, of course, is not the only due process requirement.

"[I]n order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he ,[must] have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' "

*International Shoe Co.* v. *Washington,* 326 U.S. 310, 316 (1945). The trial judge held that the McPeeks' contacts with Maryland were constitutionally insufficient. As we have said, the Maryland

statute vests Maryland courts with jurisdiction over any person who "[t]ransacts any business . . . in the State." This language has been construed to embrace any "purposeful [business] activity." *Mohamed* v. *Michael, supra,* 279 Md. at 658-59, 370 A.2d at 554. It includes, for example, a foreign corporation's search for land in Maryland suitable for shopping centers, *Harris* v. *Arlen Properties, Inc.,* 256 Md. 185, 260 A.2d 22 (1969), and inspections and certifications of a Maryland race track by a nonresident, *Novack* v. *Nat'l Hot Rod Ass'n.,* 247 Md. 350, 231 A.2d 22 (1967). And, in *Van Wagenberg* v. *Van Wagenberg,* 241 Md. 154, 215 A.2d 812, *cert. denied,* 385 U.S. 833 (1966), the Maryland court interpreted New York's long-arm statute to confer jurisdiction upon a New York court over a Maryland husband because he had executed a marital settlement contract in New York.

Where a "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there", the forum state may exercise jurisdiction over that defendant. *World-Wide Volkswagen Corp.* v. *Woodson,* 444 U.S. 286, 297 (1980). The Supreme Court has found a single business transaction sufficient to confer jurisdiction. In *McGee* v. *International Life Ins. Co.,* 355 U.S. 220 (1957), a Texas insurance company delivered an insurance contract to a California resident who paid the premiums by mail. In a suit on the contract, California process was served on the Texas insurer by registered mail. The Court, noting that the insurer "was given a reasonable time to appear and defend on the merits after being notified of the suit", *id.* at 224, concluded that both the notice and the minimum-contacts requirements of due process had been satisfied. Citing *McGee,* we have held that Virginia's long-arm statute "is a single act statute requiring only one [business] transaction in Virginia to confer jurisdiction on its courts." *Kolbe, Inc.* v. *Chromodern, Inc.,* 211 Va. 736, 740, 180 S.E.2d 664, 667 (1971). *See also I. T. Sales, Inc.* v. *Dry,* 222 Va. 6, 278 S.E.2d 789 (1981) (This day decided).

Applying the principles we have detailed, we hold that the judgment of the Maryland court is entitled to full faith and credit. The May 22, 1979 order entered below will be reversed and the case remanded for further proceedings consistent with our opinion.

*Reversed and remanded.*