### Richmond

I. T. SALES, INC.

v.

FELIX L. DRY

June 12, 1981.

Record No. 790935.

Present: All the Justices.

*Stuart R. Hays* for appellant.

*J. Randy Forbes (Basnight & Creekmore, P.C.,* on brief), for appellee.

PER CURIAM.

This appeal presents a question of "long-arm" jurisdiction in an action for breach of an employment contract. Process was served on the defendant-employee, Felix L. Dry, a resident of California, through the Secretary of the Commonwealth pursuant to Virginia's "long-arm" statute, Code §§ 8-81.1 to -81.5 (now §§ 8.01-328 to -330). Upon the defendant's motion, the trial court quashed the process and dismissed the motion for judgment filed by the plaintiff-employer, I. T. Sales, Inc.

The plaintiff, a Virginia corporation, serves as a clothing manufacturer's representative making sales to military installations. On June 20, 1973, the plaintiff and the defendant entered into the contract in question. "[A]t the time of the signing of the Agreement in Virginia,"* the defendant resided in this state. Under the agreement, the defendant became the plaintiff's West Coast representative; "[h]is duty was . . . to call upon the West Coast military exchanges to make sales." The agreement required the defendant to forward his purchase orders "directly to Virginia . . . care

---

*This statement is contained in a letter memorandum submitted by the plaintiff's counsel to the trial court. By written stipulation signed by counsel for both parties and filed in the record, the parties agreed that the letter of the plaintiff's counsel, together with a letter memorandum submitted by the defendant's counsel, "contained the agreed statement of facts . . . and should constitute . . . the written statement of facts and other incidents of trial pursuant to Rule 5:9." Yet, at the bar of this court, the defendant's counsel represented that "[n]o statement was ever presented to the trial judge . . . that the contract was executed in Virginia originally."

of I. T. Sales, Inc.," at its Norfolk address, with deliveries of merchandise to purchasers made "directly via the manufacturer."

Pursuant to the agreement, the defendant moved to California. At some time undisclosed by the record, his employment terminated, and the present litigation was instituted. In its motion for judgment, the plaintiff asserted claims against the defendant for the alleged breach of contractual provisions concerning settlement of drawing account payments and of the cost of merchandise samples furnished the defendant by the plaintiff.

As posed by the defendant, the question for decision is:

Where a contract is made in the State of Virginia, but substantially all of the performance under the terms of the contract takes place outside the State of Virginia, does [sic] service of process and jurisdiction lie pursuant to Section 8-81.2 of the Code of Virginia, 1950, as amended, now Section 8.01-328.1 for breech [sic] of such contract[?]

We answer this question affirmatively. Under Code § 8-81.2 (now § 8.01-328.1), cited in the above quotation, a Virginia court "may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's . . . [t]ransacting any business in this State."

In another "long-arm" case decided today, *Associates Fin. Serv.* v. *McPeek,* 222 Va. 176, 278 S.E.2d 847 (1981), the McPeeks, Virginia residents, went to Maryland and purchased a truck. They signed a note and financed the purchase through Associates. After they had made several payments by mail, the McPeeks defaulted in the payment of their loan. Associates secured a judgment against them in Maryland based upon process served in Virginia. Associates then brought action in Virginia on the Maryland judgment. The lower court held the Maryland judgment was not entitled to full faith and credit because "the McPeeks' contacts with Maryland were so negligible that the maintenance of the Maryland suit offended 'traditional notions of fair play and substantial justice.'" 222 Va. at 177, 278 S.E.2d at 848. Holding the Maryland judgment was entitled to full faith and credit, we reversed. In the course of our opinion, we said:

The Supreme Court has found a single business transaction sufficient to confer jurisdiction. In *McGee* v. *International Life Insurance Co.,* 355 U.S. 220 (1957), a Texas

insurance company delivered an insurance contract to a California resident who paid the premiums by mail. In a suit on the contract, California process was served on the Texas insurer by registered mail. The Court, noting that the insurer "was given a reasonable time to appear and defend on the merits after being notified of the suit", *id.* at 224, concluded that both the notice and the minimum-contacts requirements of due process had been satisifed. Citing *McGee,* we have held that Virginia's longarm statute "is a single act statute requiring only one [business] transaction in Virginia to confer jurisdiction on its courts." *Kolbe, Inc. v. Chromodern, Inc.,* 211 Va. 736, 740, 180 S.E. 2d 664, 667 (1971).

222 Va. at 179, 278 S.E.2d at 849.

In the *Chromodern* case, the single business transaction occurring in Virginia consisted of the procuring of a purchase order from a Virginia corporation by the agent of a California manufacturer for the sale of furniture to be delivered to a purchaser in North Carolina. Reversing the trial court's dismissal of the Virginia corporation's motion for judgment against Chromodern, the California manufacturer, we said:

Since Chromodern has purposefully availed itself of the privilege of conducting business activities within Virginia and thereby invoked the benefits and protection of the laws of this State, it would not offend traditional notions of fair play and substantial justice to require it to submit to the jurisdiction of the courts of this State.

211 Va. at 741, 180 S.E.2d at 668.

In similar vein, we do not believe it would offend basic concepts of fairness and justice to require the present defendant to submit to the jurisdiction of this state's courts. By entering into his employment contract in Virginia, even though the agreement required him to move to California, the defendant conducted a business transaction in this state that was sufficiently substantial to bring his case within the provisions of Code § 8-81.2 (now § 8.01-328.1).

For the reasons assigned, the judgment of the trial court will be reversed, the plaintiff's motion for judgment will be reinstated, and the case will be remanded for further proceedings.

*Reversed and remanded.*