## CIRCUIT COURT OF ARLINGTON COUNTY

Word Processing Associates, Inc.

v.

BDT Products, Inc., et al.

August 26, 1983

Case No. (Law) 24273

By JUDGE CHARLES H. DUFF

For decision is a Motion by all Defendants to quash service on them and dismiss the Motion for Judgment. The issue turns on the applicability of the Virginia Long Arm Statute (Section 8.01-328.1(A)(1)) as a means of asserting *in personam* jurisdiction over the Defendants. An evidentiary hearing was held August 12, 1983, briefs have been filed and able arguments presented. I hasten to advise counsel of my conclusions.

As to the California Defendants, BDT Products, Inc. and EPIC Computer Products, Inc., the evidence shows a sufficient transaction of business with the Plaintiff in Virginia to bring them within the intent of the Statute. While there exists some conflict between the testimony of Plaintiff's President, Charles J. Daimler, and various assertions in Defendants' memorandum, the former shows the following:

(1) Plaintiff held a special relationship with BDT and EPIC, being the exclusive distributor of their products in the area.
(2) Defendants' products were shipped from California into Virginia where Plaintiff would make delivery to the ultimate customer.

(3) Various officers and employees of the Defendants came into Virginia from time to time in connection with the approximately 150 different transactions between the parties.

(4) Defendants sent technical personnel into Virginia for servicing and instruction relative to the equipment.

(5) Mr. Daimler further testified that demonstration equipment owned by the Defendants was maintained in Virginia and used for the solicitation of sales.

(6) The original solicitation of Plaintiff's business was made by the Defendants. There exists a conflict in the representations made as to this point.

Carefully balancing these various contacts with Virginia with the decided cases leads me to the clear conclusion that these Defendants conducted purposeful activity in Virginia, aimed at developing the market for their product and reaping economic benefit therefrom. As such, they are within the *in personam* jurisdiction of Virginia's Courts. (See *Kolbe v. Chromodern Chair Co.,* 211 Va. 736 (1971); *I. T. Sales, Inc. v. Dry,* 222 Va. 6 (1981); *Peanut Corp. of America v. Hollywood Brands, Inc.,* 696 F.2d 311 (4th Cir. 1982).

A more difficult issue is presented with respect to the final Defendant, BDT BURO-UND DATENTECHNIK GmbH, apparently domiciled in West Germany. While there was no evidence of any direct action or contact by this Defendant with Virginia, Plaintiff's evidence does permit a reasonable inference that the California Defendant BDT Products, Inc., was so owned and controlled as to be considered the agent of the West German Defendant.

Plaintiff's Exhibit No. 1, introduced at the evidentiary hearing refers to BURO-UND DATENTECHNIK GmbH as the "parent company" of BDT Products, Inc. The news release of December 22, 1982, contains the following information:

It had further caused the West German parent to create a wholly-owned subsidiary, BDT

Products, Inc., which is located next to MQI Computer Products, Fountain Valley, Calif.

It may be that at trial evidence would show that the two defendants are not so related; however the evidence at the hearing was sufficient to require that the Motion to Quash as to the West German Defendant likewise be denied.