[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Before the court is the plaintiff's Motion for Summary Judgment. The plaintiff, Trollers Associates's complaint alleged that it received a judgment against the defendant, Subway Sandwich Shops, Inc., in the Circuit Court of the City of Alexandria, Virginia for $92,332.79 in damages plus costs, attorney's fees, and interest. Also alleged was that the judgment was never satisfied.
The defendant filed an answer which raised the special defense of the Virginia court's lack of personal jurisdiction over it. The answer alleged that the property which was the subject of the Virginia judgment was located in West Virginia, and that the defendant was not a Virginia resident. That defense was denied.
The plaintiff's motion for summary judgment included an affidavit of Howard Sharpe, a general partner of the plaintiff partnership. It stated that the plaintiff is a Virginia partnership, and reiterated the terms of the Virginia judgment. Also attached was a copy of the deposition of Robert Payne, the defendant's Virginia registered agent, acknowledging he received service of process for the Virginia law suit.
A counter affidavit from the defendant stated that the CT Page 9280 property which was the subject of the Virginia suit was located in West Virginia and that the lease for the property was executed in Milford, Connecticut on or about October 3, 1986. Also attached was a copy of the lease. During oral argument regarding the motion, the plaintiff's attorney disclosed that negotiations for the lease were conducted in Virginia.
In support of its motion, the plaintiff argues that the defendant's special defense of the Virginia court's lack of personal jurisdiction was ripe only before the default judgment entered and that the defendant could reasonably expect to be sued on the lease agreement in Virginia. The plaintiff also argues that the service upon the defendant's registered agent gave the Virginia court personal jurisdiction over the defendant.
In opposition to the motion, the defendant argues that a material issue of fact exists regarding the Virginia court's exercise of personal jurisdiction, with regard to both the Virginia long-arm statute and due process limitations.
Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
Connecticut General Statutes 52-607, Uniform Enforcement of Foreign Judgments Act, permits judgment creditors to bring an action under a foreign judgment obtained by default. However, in such actions, the judgment debtor may collaterally attack the foreign judgment, if the foreign judgment is proven to be void. Rathkopf v. Pearson, 148 Conn. 260, 265 170 A.2d 135 (1961); Seaboard Surety Co. v. Waterbury, 38 Conn. Sup. 468, 472 (App. Sess. 1982). In order to prove that the foreign judgment is void, the judgment debtor would need to prove "the lack of a legally organized court or tribunal; lack of jurisdiction over the subject matter, the parties, or both. . . ." Rathkopf v. Pearson, supra, 265.
Connecticut and Virginia law are in accord on the choice of law principle that issues concerning the jurisdiction of a foreign court are governed by the law of the foreign state. See, e. g., Smith v. Smith, 174 Conn. 434, 438, 389 A.2d 756 (1978); Associates Fin. Ser. Co., Inc. v. McPeels, 222 Va. 176, 278 S.E.2d 847
(1981).
In Burnham v. Superior Court of California, 495 U.S. ___,109 L.Ed.2d 631 (1990), the Supreme Court addressed the claim that the California courts could not properly assert jurisdiction over a party who was served while visiting the state, but who did not have minimal contacts with the state. The court held that basing CT Page 9281 jurisdiction upon the personal service of a party who is physically present within the state satisfies the requirements of due process, however, the states may "limit . . . or entire abandon . . . the instate-service basis of jurisdiction." Id., 650.
Section 8.01-301.1 of the Code of Virginia states that process may be served "[b]y personal service on . . . the registered agent of a foreign corporation which is authorized to do business in the Commonwealth, and by personal service on any agent of a foreign corporation transacting business in the Commonwealth without such authorization. . . ."
In applying this statute, the courts of Virginia have required that the foreign corporation be actually "doing business" or "transacting business" in order for the service to be valid. For instance, in Bank of Bristol v. Ashworth, 122 Va. 170, 94 S.E. 469
(1917), the president of the defendant-bank was served within the state, but the bank had no contacts with the state. The court held that the state's courts did not have jurisdiction over the defendant, since a foreign corporation which did not transact business within the state could not be said to be "found" within the state. Id., 470.
In Moore-McCormack Lines, Inc. v. Bunge Corporation, 307 F.2d 910
(4th Cir., 1962), longshoremen brought a negligence action, against a steamship company. Two foreign corporations that owned cargo which was involved in the action were impleaded through service as described by 8.01-301.1 (above), and these third-party defendants moved to quash service of process. The court applied a minimum contacts analysis, and held that since the third-party defendants had employed an agent and posted a bond in Virginia, they had satisfied "minimum contacts" and were subject to service within the state under the Virginia statute. Id., 915.
In Pappas v. Steamship Aristidis, 249 F. Sup. 692 (E.D.Va., 1965), a libelant brought suit against the in personam defendant in a maritime negligence case by serving the State Corporation Commission of Virginia, as permitted by statute. The court held that minimal contacts with the state were required to satisfy the. "doing business" standard. Id., 694.
The "transacting business" clause of the Virginia Long-Arm Statute, Code of Virginia 8.01-328.1, under which these cases were decided, allows the assertion of "jurisdiction to the extent permissible under the Due Process Clause of the Constitution of the United States." Danville Plywood Corp. v. Plain Fancy Kitchens,218 Va. 533, 238 S.E.2d 800 (1977). Since the Due Process Clause requires minimal contacts, these precedents are directly relevant to the issue of the service of foreign corporations under Code of Virginia 8.01-301.1. CT Page 9282
In John G. Kolbe, Inc. v. Chromodern Chair Co., 211 Va. 736,180 S.E.2d 667 (1971), a Virginia furniture dealer placed a purchase order with a California furniture manufacturer for furniture which was shipped directly to another state. The court held that the California defendant satisfied the "minimum contacts" and "transacting business" standards, because in this transaction and others it "purposefully availed itself of the privilege of conducting business activities with Virginia." Id., 668.
In Danville Plywood Corp. v. Plain Fancy Kitchens, supra, the Pennsylvania defendant had contracted in Pennsylvania for the purchase of wood panels from the Virginia plaintiff. After delivery in Pennsylvania, the defendant alleged that the goods were defective and refused payment. The court held that since the Pennsylvania defendant's only contact pursuant to the transaction with Virginia was delivery of the goods to the carrier in Virginia, "minimum contacts" were not established. Id., 802.
In I.T. Sales, Inc. v. Dry, 222 Va. 6, 278 S.E.2d 789 (1981), the plaintiff-corporation and the defendant-employee entered into an employment contract in Virginia. Under the terms of the contract, the employee moved to California and forwarded purchase orders to the Virginia plaintiff. The court held that by contracting in Virginia, "minimum contacts" over the employee were established; the court stated that it did "not believe it would offend basic concepts of fairness and justice to require the present defendant to submit to the jurisdiction of this state's courts." Id., 791.
In Nan Ya Plastics Corp. U.S.A. v. DeSantis, 237 Va. 255, 377 S.E.2d 388 (1989), the Texas defendant negotiated and consummated an employment contract with the Virginia plaintiff in Virginia. The court held that this satisfied the "minimum contacts" and "transacting business" standards. The court emphasized that the primary factor in its decision was the consummation of the contract in Virginia: "More importantly [than the negotiations], however, the employment contract was formed in Virginia." Id., 391.
In Viers v. Mounts, 466 F. Sup. 187 (W.D.Va., 1979), the Virginia plaintiffs and the Kentucky defendants negotiated a construction contract in Virginia. A written contract was executed in Kentucky, and construction work was performed in Kentucky. The court held that merely conducting negotiations in Virginia was not sufficient to meet the "minimum contacts" or "transacting business", standards, since by only negotiating in Virginia, the defendant would not have been in a position to "`purposefully avail [himself] of the privilege of conducting activities within [Virginia], thus invoking the benefits and protections of its laws.'" Id., 191, CT Page 9283 citing Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240.
In the present case, the default judgment would be open to collateral attack for lack of personal jurisdiction, pursuant to Connecticut General Statutes 52-607. Because the original judgment was rendered by a Virginia court, Virginia law applies to determine whether the court had personal jurisdiction over the defendant.
Under the holdings of Bank of Bristol v. Ashworth, supra, Moore-McCormack Lines, Inc. v. Bunge Corporation, supra, and Pappas v. Steamship Aristidis, supra, the plaintiff's act of service of process upon the defendant's Virginia registered agent would not allow the Virginia court to assert jurisdiction, unless "minimum contacts" existed.
Although no Virginia precedents have been found to be directly on point, under Virginia law, the plaintiff has not alleged facts sufficient to establish "minimum contacts". The only alleged contacts with Virginia were the negotiations which were alleged to have occurred there. The facts of Viers v. Mounts, supra, are somewhat analogous to the allegations of the present case, since in both negotiations were conducted in Virginia and a contract was executed outside of the state. In that case, the district court decided that "minimum contacts" were not satisfied; hence, merely by conducting negotiations in Virginia, the allegations of the present case do not satisfy the "minimum contacts" requirement.
In conducting "minimum contacts" analysis the Virginia courts have placed primary emphasis on the place of contract execution. For instance, in I.T. Sales, Inc. v. Dry, supra, and Nan Ya Plastics Corp. U.S.A. v. DeSantis, supra, the contracts were executed in Virginia, and "minimum contacts" were found to exist; however, in Viers v. Mounts, supra, and Danville v. Plywood Corp. v. Plain Fancy Kitchens, supra, the contracts were executed elsewhere, and "minimum contacts" were not found to exist. Since the defendants allege that the contract was executed in Connecticut, a substantial factual question has been raised whether "minimum contacts" with Virginia do exist.
For all of these reasons, the court cannot make the requisite findings that no genuine issue of material fact exists and that the plaintiff is entitled to judgment as a matter of law Hence, summary judgment is denied.
FLYNN, J.