## CIRCUIT COURT OF FAIRFAX COUNTY

Joseph Malcolm

    v.

Chris Esposito et al.

### December 12, 2003

### Case No. (Law) 215392

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court on the Defendants' Objection to Jurisdiction. Both parties submitted briefs prior to the November 14, 2003, hearing. At the conclusion of oral argument, the Court took this matter under advisement.

The Court has fully considered the briefs submitted as well as the oral arguments of both parties and, for the reasons set forth below, the Court holds that it does have *in personam* jurisdiction over the Defendants.

### *Facts*

This case arises out of a dispute involving an Internet transaction. The facts relevant to the jurisdictional issue are primarily undisputed. If there was conflicting evidence, this Court viewed "the facts in the light most favorable

to the plaintiff." *Nan Ya Plastics Corp. U.S.A. v. DeSantis,* 237 Va. 255, 257, 377 S.E.2d 388, 389 (1989), *cert. denied,* 492 U.S. 921 (1989).

Plaintiff Joseph Malcolm is a citizen and resident of the Commonwealth of Virginia. Defendant Prestigious Motor Sales, Inc., is a car dealership with a physical location in Connecticut. Defendants Chris Esposito and Thomas Esposito are both agents of Prestigious Motor Sales and do not reside or work in the Commonwealth of Virginia. Neither Prestigious Motors nor the individual Defendants maintain an office in Virginia, transact business in Virginia, or employ agents in Virginia. Aside from the transaction in issue, Prestigious Motors has never sold a vehicle to anyone in Virginia. Neither of the individual Defendants has ever visited Virginia.

In April 2003, the Defendants advertised a 1995 BMW 530i on the Internet auction website known as "eBay." Plaintiff bid on the vehicle and won the auction with a winning bid of $12,450, at which point, the parties exchanged information via e-mail and telephone. The Defendants arranged to have the car shipped from California to Virginia.

Subsequently, Plaintiff allegedly discovered a manufacturing defect in the BMW and attempted to revoke his purchase of the vehicle. When the Defendants refused to rescind the transaction, the Plaintiff filed the instant action on June 27, 2003, in this Court, alleging the following causes of action: (1) a violation of the Virginia Consumer Protection Act, (2) fraud in the transaction, (3) breach of warranty, and (4) fraudulent dealing after the transaction.

On these facts, Defendants made a special appearance in this Court on November 14, 2003, to challenge this Court's jurisdiction over the Defendants.

*Standard of Review*

When a Defendant challenges the exercise of jurisdiction by a forum, the question "is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by the preponderance of the evidence." *Combs v. Bakker,* 886 F.2d 673, 676 (4th Cir. 1989). To prevail on a jurisdictional challenge, "a plaintiff need only make a *prima facie* showing of a sufficient jurisdictional basis on the basis of the complaint." *Rannoch, Inc. v. The Rannoch Corp.,* 52 F. Supp. 2d 681, 684 (E.D. Va. 1999), *citing Combs,* 886 F.2d at 676. In making its determination, the Court "must construe all relevant allegations in the light most favorable to the plaintiff and draw the most favorable inferences for the existence of jurisdiction." *Id.*

A two-step process is required to ascertain the existence of personal jurisdiction over the Defendants. First, the Court must determine whether the "plaintiff has made a *prima facie* showing that Virginia's long-arm statute reaches the non-resident defendant given the cause of action alleged and the nature of the defendant's Virginia contacts." *Rannoch*, 52 F. Supp. 2d at 684. Second, the Court "must determine whether the exercise of personal jurisdiction in the circumstances is consistent with the Due Process Clause. . . ." of the Fourteenth Amendment of the U.S. Constitution. *Id.*

## Analysis

The purpose of the long-arm statute "is to assert jurisdiction over nonresidents who engage in some purposeful activity in Virginia, to the extent permissible under the Due Process Clause of the Constitution of the United States." *Nan Ya Plastics*, 237 Va. at 259, 377 S.E.2d at 391. When jurisdiction is based solely on the long-arm statute, as is the case here, "only a cause of action arising from acts enumerated in this section may be asserted against" the Defendant. *Raymond, Colesar, Glaspy & Huss, P.C. v. Allied Capital Corp.*, 761 F. Supp. 423, 425 (E.D. Va. 1991); Va. Code Ann. § 8.01-328.1(C). This requirement is satisfied here, as the Plaintiff's cause of action stems directly from the Internet transaction purported to be the basis for jurisdiction.

The Plaintiff has asserted jurisdiction on the basis of the first five subsections of Virginia's long-arm statute, § 8.01-328.1(A)(1)-(5).

The Virginia long-arm statute provides, in pertinent part, that:

(A) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's (1) Transacting any business in this Commonwealth; (2) Contracting to supply services or things in this Commonwealth; (3) Causing tortious injury by an act or omission in this Commonwealth; (4) Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth; [or] (5) Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when he might reasonably have expected such person to use, consume, or be affected by the goods in this Commonwealth, provided that he also regularly does or solicits business, or engages in any other persistent

course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth. . . .

Va. Code Ann. § 8.01-328.1. A "person," as used in the long-arm statute, includes a "commercial entity, whether or not a citizen or domiciliary of this Commonwealth and whether or not organized under the laws of this Commonwealth." *Glumina Bank v. D. C. Diamond Corp.*, 259 Va. 312, 317-18, 527 S.E.2d 775, 777 (2000); Va. Code Ann. § 8.01-328. As such, Defendant Prestigious Motor Sales is a "person" for purposes of the long-arm statute.

This Court finds that formation of the contract for sale of the BMW occurred in Virginia, thereby satisfying the first prong of the jurisdictional inquiry. The transaction at issue unfolded in the following manner: Defendants placed a BMW for sale on the Internet website eBay. The Plaintiff subsequently placed a bid for the vehicle on the auction website. The Terms of Sale governing the instant transaction state that "this is a 'NO RESERVE AUCTION' and [the seller] cannot accept bid retractions." (MFJ, Ex. 3, p. 21.) As such, the parties were bound to the sale at the moment the Plaintiff placed his bid.

The Terms of Sale at issue here mirror the law in Virginia. That is, in the case of "an auction without reserve, the announced terms of sale constitute a continuing offer by the owner, subject to acceptance by the submission of a bid. *Each bid is the consummation of a contract*, subject only to the receipt of a higher bid." *Holston v. Pennington*, 225 Va. 551, 557, 304 S.E.2d 287 (1983) (emphasis added), citing *Pitchfork Ranch Co. v. Bar TL*, 615 P.2d 541, 548 (Wyo. 1980). Specifically, this term means that "the property will actually be sold to the highest bidder at that time and place, that no minimum price will limit the bids, that the owner may not withdraw the property from sale after the first bid has been received, that the owner may not reject any or all bids. . . ." *Id.* at 556 (citations omitted.)

The Plaintiff placed his bid for the BMW on eBay while located in Virginia. As in *Holston, supra*, this transaction was an auction without reserve, wherein the parties formed a contract in Virginia at the instant Plaintiff placed his bid. The long-arm statute is "a single-act statute requiring only one transaction in Virginia to confer jurisdiction on our courts." *John G. Kolbe, Inc. v. Chromodern Chair Co.*, 211 Va. 736, 740, 180 S.E.2d 664, 667 (1971). The Virginia Supreme Court has consistently held that forming even one contract in Virginia is akin to conducting a business transaction in the Commonwealth and is "sufficiently substantial to permit personal jurisdiction to be asserted under the long-arm statute." *John G. Kolbe, Inc. v. Chromodern*

*Chair Co.*, 211 Va. 736, 741, 180 S.E.2d 664, 668 (1971) (holding that personal jurisdiction over a California manufacturer was proper where the purchase order was entered into in Virginia); accord *I. T. Sales, Inc. v. Dry*, 222 Va. 6, 8, 278 S.E.2d 789, 791 (1981) (holding that personal jurisdiction over a California defendant was proper where an employment contract was formed in Virginia although the entire contract was to be performed in Texas); *Nan Ya Plastics Corp. U.S.A. v. DeSantis*, 237 Va. 255, 260, 377 S.E.2d 388, 391 (1989) (holding that personal jurisdiction over a Texas defendant was proper where an employment contract was formed in Virginia although the entire contract was to be performed in Texas). The fact that the transaction at issue here occurred over the Internet does not change well-settled Virginia law.

Having found that the first prong of the jurisdictional inquiry is satisfied under subsections (1), "Transacting any business in this Commonwealth," and (2), "Contracting to supply services or things in this Commonwealth," of Virginia's long-arm statute, this Court declines to address the applicability of the other noted subsections.

Turning to the second prong of the jurisdictional inquiry, the Court notes that the purpose of the Due Process Clause of the Fourteenth Amendment is to protect a person's liberty interest by not subjecting him "to the binding judgment of a forum unless that person has certain minimum contacts within the territory of the forum so that maintenance of an action against that person does not offend 'traditional notions of fair play and substantial justice'." *Peninsula Cruise, Inc. v. New River Yacht Sales, Inc.*, 257 Va. 315, 319, 512 S.E.2d 560, 562 (1999), *quoting International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945). The Court must examine the facts of each case to "ascertain whether the requisite minimum contacts are present." *Peninsula Cruise*, 257 Va. at 319, 512 S.E.2d at 562, *citing Kulko v. California Superior Court*, 436 U.S. 84, 92, 56 L. Ed. 2d 132, 98 S. Ct. 1690 (1978).

The United States Supreme Court has consistently held, with respect to minimum contacts analysis, that "there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 78 S. Ct. 1228 (1958). Critical to the due process analysis, and central to the decision here, is the Defendant's ability to foresee litigation in the forum state. Specifically, "the defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980).

In analyzing due process concerns in the Internet context, the Fourth Circuit has adopted what has come to be known as the *Zippo* model. *See ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 713 (4th Cir. 2002), *relying on Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997).[1] However, this Court does not find the *Zippo* model particularly instructive for the case at bar, because the facts in *Zippo* and most cases following it relate to the Defendant's conduct on his own website. In the instant case, the Defendants do not operate eBay; rather, they simply use the website as a venue for car auctions.

Although the facts here present a case of first impression in Virginia, the few other courts that have faced a specific question regarding eBay transactions have generally declined to exercise personal jurisdiction over the non-resident defendants. *See Tamburo v. eBay, Inc.*, 2002 U.S. Dist. LEXIS 22686, *7 (N.D. Ill. 2002) (declining to exercise personal jurisdiction over the non-resident buyer where the only contact with Illinois was a wire transfer from the defendant buyer's bank account in Pennsylvania to the seller's account in Illinois); *Metcalf v. Lawson*, 148 N.H. 35, 40, 802 A.2d 1221, 1227 (2002) (declining to exercise personal jurisdiction over the non-resident seller based in part on "the isolated nature of this transaction and the absence of any evidence that the defendant was a commercial seller. . . ."); *The Winfield Collection, Ltd. v. McCauley*, 105 F. Supp. 2d 746, 751 (E.D. Mich. 2000) (declining to exercise personal jurisdiction over the non-resident buyer where the only contacts with Michigan were sales of crafts to two Michigan residents). While this Court does not necessarily disagree with the holdings reached in the cited cases, the facts here are distinguishable and require a different result.

---

[1] The *Zippo* court concluded that "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Zippo Mfg. Co.*, 952 F. Supp. at 1124. The *Zippo* court developed the following "sliding scale" for analyzing Internet contacts: "At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site." *Id.*

Several factors here militate in favor of finding personal jurisdiction over the Defendants. First, the Defendants are commercial sellers of automobiles who, at the time the BMW was sold, were represented on eBay as "power sellers" with 213 transactions. Second, at the time of the transaction, the Defendants also represented that they had local, national, and international eBay customers. Third, it is clear that the Defendants foresaw potential transactions with non-resident buyers based on the "Winning Bidder" e-mail it sent to the Plaintiff. (*See* MFJ, Ex. 1, requesting a copy of the buyer's driver's license if he is an out-of-state resident.) Lastly, the product at the heart of this case is an automobile, purchased to be delivered to and driven in the recipient state, in this case, Virginia.

Clearly, under the Terms of Sale, the choice of the buyer was beyond the Defendants' control. However, through eBay, these Defendants "consciously decided to transmit advertising information to all internet users, knowing that such information would be transmitted globally." *Maritz, Inc. v. Cybergold, Inc.*, 947 F. Supp. 1328, 1333 (E.D. Mo. 1996). This Court finds that, as commercial sellers of automobiles on a well-known, national auction website, the Defendants must have been able to foresee the possibility of being haled into court outside the State of Connecticut.

## Conclusion

For the reasons stated above, this Court finds that it does have *in personam* jurisdiction over the Defendants in the instant case.