# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

City of Portsmouth et al.

v.

Buro Happold
Consulting Engineers,
P.C., et al.

Case No. CL04-892

December 22, 2005

BY JUDGE DEAN W. SWORD, JR.

This matter is before the court upon the motion of the defendant Buro Happold Consulting Engineers, P.C. (Buro) challenging the jurisdiction of the court. For the reasons stated herein, the court is of the opinion that personal jurisdiction does exist and denies the motion.

*Special Plea*

Along with the plea to the jurisdiction of the court counsel for Buro has filed (1) a Demurrer, (2) Special Plea of the Statute of Limitations, (3) Objection of Venue, (4) Motion to Drop (a misjoinder of parties motion), (5) Motion for a Bill of Particulars, (6) Motion Craving Oyer, (7) a removal petition seeking removal to the U.S. District Court for the Eastern District of Virginia (which was denied and remanded to this court), (8) employed counsel and actively participated in the first phase of the litigation (prior to being joined as a party defendant) by appearing and taking part in the November 3, 2004, deposition of Martin Augustyniak at Norfolk, Virginia, the January 11, 2005, deposition of

Andrew Kolozovary at Norfolk, Virginia, and the January 17, 2005, deposition of Matthys P. Levy at New York, New York, and (9) provided expert witness assistance to the defendant Birdair, Inc., in the person of Angus Palmer, who, according to his testimony, did so without compensation. This assistance required Mr. Palmer to come to Portsmouth several times.

Counsel for the City argues that these various motions and activities constitute a general appearance and thus a waiver of any challenge to the personal jurisdiction of the court.

Buro claims that Virginia Code § 8.01-277 and Rule 3:3, as construed by *Gilpin v. Joyce*, 257 Va. 579, 581-83, 515 S.E.2d 124 (1999), allows it to challenge jurisdiction and simultaneously file these other pleadings.

*Gilpin* was a matter that involved a personal injury claim that was filed in circuit court by Gilpin, but she never requested the clerk to issue process. Over a year later, one of the defendants filed a motion to dismiss citing "that part of Rule 3:3 which provides: 'No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him'. . . ." This defendant also "filed grounds of defense, a counterclaim . . . interrogatories and a motion to produce," all without ever being served with process. *Gilpin*, p. 581.

The court first notes "An appearance for any other purpose than questioning the jurisdiction of the court . . . '*because there was no service of process*, or the process was defective, or the action was commenced in the wrong county or the like' is general and not special, although accompanied by the claim that the appearance is only special." (internal citations omitted). Finding that the defendant had made a general appearance, the court held that such action "confers jurisdiction of the person on the court." *Gilpin*, p. 581 (internal citations omitted).

The *Gilpin* case then moved to a consideration of Virginia Code § 8.01-277:

> A person, upon whom process to answer any action has been served, may take advantage of the defect in the issuance, service, or return thereof by a motion to quash filed prior to or simultaneously with the filing of any pleading on the merits. . . .

Noting that "this statute is in derogation of the common law, we will strictly construe it." *Gilpin*, p. 582.

Reading the statute and giving it a strict construction does not in the opinion of the court open the door suggested by Buro. This statute clearly provides for a challenge to a defect in process but "does not permit Joyce (the

defendant) to simultaneously make a general appearance. . . ." *Gilpin*, p. 582. Stated another way, I read the statute to allow simultaneous pleading *only* when a challenge is made to a technical defect in the service, for example service on a corporate representative not authorized by statute. This interpretation is reinforced by the last sentence of the statute, which provides that the court may "strike the proof of service or permit amendment of the process or its return as may seem just." Admittedly, this is a strict construction of the statute, but such is the direction of *Gilpin*. This decision is also prompted by the facts of this case. There is no objection here to process, but the objection is made to the court's exercise of jurisdiction based upon otherwise proper service of process. Clearly, the legislature could amend the common law rules but, in the opinion of this court, has not done so as it relates to our facts.

However, this observation gives the court considerable pause because Professor Bryson (*Virginia Civil Procedure*, 3d ed., Michie 1997), at p. 138, observes:

> Objections to service of process and active jurisdiction can be raised at any time before a general appearance. . . . Objections to process must be made prior to or simultaneously with a pleading on the merits. If they are made afterwards, the pleading to the merits, which constitutes a general appearance, will be considered a waiver of objection.

This comment seems to suggest that "objections to process" and objections to "active jurisdiction" are distinct matters. If a distinction may logically be drawn, then Virginia Code § 8.01-277 only provides partial relief, that of an objection to process. Such a distinction is at least in part reinforced by *Gilpin*, which was decided after Prof. Bryson published his book. (There is a footnote numbered "Page 142, note 184" contained in the 2004 Supplement, which seems to suggest that *Gilpin* requires the same conclusion that I reach.)

Contrary to Buro's argument, *Gilpin* stands for the exact opposite principle and neither Rule 3:3 nor Va. Code § 8.01-277 provide for a safe haven because they are not factually applicable to our matter. Several other cases support the above conclusion.

"A motion to vacate proceedings in a cause, or to dismiss or discontinue it, because the plaintiff's pleading does not state a cause of action is equivalent to a demurrer and amounts to a general appearance." *Norfolk & O. V. Ry. Co. v. Turnpike Co.*, 111 Va. 131, 136-37, 68 S.E. 346 (1910).

"Any action taken by the litigant which recognizes the case as in court will amount to a general appearance unless such action was for the sole purpose of objecting to the jurisdiction." *Ceyte v. Ceyte*, 222 Va. 11, 13, 278 S.E.2d 791 (1981).

Filing an "affidavit of substantial defenses" "pleading the general issue, demurring" amount to a general appearance. *Fisher v. Globe Brewing Co.*, 170 Va. 509, 512, 197 S.E. 490 (1938).

"Undoubtedly, there may be a special appearance for the purpose of making objections to defects, but granting or accepting a continuance, or a motion to quash for other reasons than defects in the process or return, amount to a general appearance." *Kiser v. Amalgamated Clothing Workers*, 169 Va. 574, 591, 194 S.E. 727 (1938).

"Any action on the part of the defendant except to object to the jurisdiction, which recognizes the case as in court, will amount to a general appearance." *Maryland etc. Co. v. Clintwood Bank*, 155 Va. 181, 186, 154 S.E. 492 (1930).

An analysis of Virginia case law shows that almost any pleading other than a challenge to process or jurisdiction is deemed a general appearance. Without some statute or rule authorizing simultaneous pleadings, such a filing amounts to a waiver of the challenge by virtue of a general appearance. Buro has been unable to demonstrate that such a procedure exists that would apply to its actions in this case and, therefore, has made a general appearance.

There are also two other rather interesting activities that require consideration. Does the participation of a non-party defendant, who knows that it might have some future liability in the subject litigation, in discovery depositions create a general appearance when later made a party to the suit? Needless to say, there appears to be no Virginia authority one way or the other.

There is an interesting California case that has dealt with an analogous situation. *Omega Video, Inc. v. Superior Court*, 146 Cal. App. 3d 470, 194 Cal. Rptr. 574 (1983). While this case is generally similar, a defendant attempted to get out of the case after participating in discovery but was not actually before the court because a law firm had filed an answer without authorization. "[The] question is whether [the defendant] may withdraw the inappropriate unauthorized appearances effected on its behalf and thus avoid the obligation to defend against plaintiff's action." *Omega*, at p. 476. Finding good public policy for allowing the suit to proceed and little or no prejudice to the defendant, the court found that the matter should go to trial on its merits.

Whether public policy would be a valid basis for finding such conduct exhibited by Buro is an open question. It does seem to this court that to allow Buro to participate much as a defendant would participate and then at a later date

to claim foul when they are joined in the litigation lacks a certain basic fairness. If nothing else, such conduct surely may be considered as a part of the long-arm jurisdiction.

### Long-Arm Jurisdiction

Virginia Code § 8.01-328.1 is frequently known as the "long-arm statute" and authorizes personal jurisdiction "over a person . . . as to a cause of action arising from the person's: 1. Transacting any business in the Commonwealth; 2. Contracting to supply services or things in this Commonwealth. . . ." As one might imagine, this statute has generated an enormous amount of case law.

The facts of this case reflect that the plaintiff engaged the services of Birdair to construct what is now called the Ntelos Pavilion, an outdoor entertainment venue. Birdair was to serve as general contractor and also to design, manufacture, and install a canopy. As a part of this process, Birdair, a Delaware corporation with its corporate headquarters near Buffalo, N.Y., contracted with Buro, a New York corporation with its corporate headquarters in New York City, to provide engineering services for the project. Significantly, Buro was required by Virginia Code §§ 54.1-100, et seq., §§ 54.1-400, et seq., and 18 VAC 5-10-20, et seq. to obtain a certificate of authority from the Board for Architects and Professional Engineers prior to performing engineering services for a Virginia project and to have a Virginia licensed professional engineer to supervise, stamp, and seal all engineering calculations and drawings.

While there is no evidence as to whether Buro obtained a proper license, counsel for Buro represents that Buro violated Virginia law and did not obtain such authority. The engineering drawings, however, are signed and sealed by "Lawrence Fischer No. 020387 Commonwealth of Virginia Professional Engineer." At the hearing on the motions, Buro presented evidence that Mr. Fischer was its employee.

By applying common sense, one can easily see that, had Buro obtained a proper certificate to provide engineering services in the Commonwealth, they would be before the court should the occasion arise. May they then violate Virginia law and use the violation to set up a defense to the jurisdiction of a Virginia court?

Does the mandatory use of a Virginia licensed professional engineer to provide the above described services create sufficient contacts to satisfy the long-arm statute?

When Buro did its work for Birdair, it clearly understood the jobs relationship to the Commonwealth. It can hardly come as a surprise now that litigation has arisen over the quality of its work that it finds itself in a Virginia

court. If Buro did not wish to be sued in Virginia, it had the choice of not accepting work which required the authorization from the Commonwealth of Virginia.

Even though this may have been a "one-shot" job in Virginia, I am of the opinion that, under the facts of this case, Buro has performed sufficient acts to "supply services" and transact business in Virginia. *I.T. Sales, Inc. v. Dry*, 222 Va. 6, 8-9, 278 S.E.2d 789 (1981), and *Associates Fin. Serv. v. McPeek*, 222 Va. 176, 178-79, 278 S.E.2d 847.

Counsel shall prepare an order overruling the motion.