Dollar Tree Stores, Inc.

v.

Mountain Pacific Realty, L.L.C.

January 29, 2013

Case No. (Civil) 12-1130

By JUDGE JOHN W. BROWN

Plaintiff Dollar Tree is a Virginia corporation with its principal place of business in Chesapeake, Virginia. Defendant is a New York LLC that owns a shopping center in New York. Since 2003, Plaintiff has leased a store in Defendant's New York shopping center. Plaintiff alleges that Defendant has overcharged Plaintiff for common-area maintenance expenses (CAMs), insurance, and real-estate taxes. In addition, Plaintiff alleges that Defendant has wrongfully refused to provide Plaintiff access to its records so Plaintiff can determine whether Defendant is overcharging for lease costs.

Defendant made a special appearance under Va. Code § 8.01-277 and asserted that Plaintiff's allegations were insufficient to support this Court's exercise of personal jurisdiction over Defendant.

In its complaint, Plaintiff alleges that: Defendant negotiated the lease with Dollar Tree's representatives in Virginia (Complaint ¶ 5); throughout the lease, Defendant and Dollar Tree have exchanged electronic communications (Complaint ¶ 6); Defendant sent billing statements and lease notices to Dollar Tree in Virginia (Complaint ¶ 5); Defendant injured Dollar Tree in Virginia by sending billing statements overcharging Dollar Tree to its headquarters in Virginia (Complaint ¶ 7); and Defendant received payments in Virginia from Dollar Tree (Complaint ¶ 5).

The lease does not include a choice-of-law or choice-of-forum provision.

Having considered the parties' oral argument and briefing, the Court finds, for the reasons stated below, that it lacks personal jurisdiction over Defendant.

## I. *Plaintiff Has Failed To Make a Prima Facie Showing That Defendant Is Subject to This Court's Jurisdiction*

Plaintiff asserts that it has properly pleaded that Defendant is subject to this Court's jurisdiction. If Plaintiff has not, Plaintiff also asserts that it is entitled to conduct jurisdictional discovery so it can properly allege jurisdiction.

Ultimately, Plaintiff will need to establish sufficient facts to support jurisdiction with a preponderance of the evidence. *Mylan Lab., Inc. v. Akzo, N.V.*, 2 F.3d 56, 59–60 (4th Cir. 1993). Prior to an evidentiary hearing, and before the Court will allow jurisdictional discovery, however, Plaintiff need only make a prima facie showing of jurisdiction. *Price v. Price*, 17 Va. App. 105, 113, 435 S.E.2d 652 (1993); *see also Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). Here, the Court has not conducted a full evidentiary hearing. Thus, for this matter to continue and for Plaintiff to conduct jurisdictional discovery, Plaintiff must have properly pleaded a prima facie showing of jurisdiction.

## II. *This Court's Jurisdiction over Out-of-State Defendants Is Limited by Va. Code § 8.01-328.1 and Due Process*

Personal jurisdiction over out-of-state defendants requires a two-step analysis. First, the Court must determine whether Plaintiff has alleged facts that invoke a provision under Va. Code § 8.01-328.1, Virginia's long-arm statute. *Masselli & Lane, P.C. v. Miller Schuh, P.A.*, 2000 U.S. App. LEXIS 11932, at *5 (4th Cir. 2000). A plaintiff's cause of action must "arise from" the out-of-state defendant's contacts that trigger the long-arm statute. *City of Va. Beach v. Roanoke River Basin Ass'n*, 776 F.2d 484, 487 (4th Cir. 1985).

Second, if Plaintiff has alleged facts that trigger long-arm jurisdiction, the Court must determine whether the exercise of personal jurisdiction is consistent with due process. *Miller Schuh, P.A.*, 2000 U.S. App. LEXIS 11932, at *5. Due process requires that Defendant have sufficient minimum contacts with Virginia such that this Court's assertion of jurisdiction would not offend traditional notions of fair play and substantial justice. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). The key inquiry is whether Defendant has purposefully availed itself of the benefits and protections of Virginia such that it could reasonably anticipate being haled into court in Virginia. *Id.* at 297.

The purpose of Virginia's long-arm statute is "to assert jurisdiction over nonresidents who engage in some purposeful activity to the extent permissible under the due process clause." *John G. Kolbe, Inc. v. Chromodern Chair Co.*, 211 Va. 736, 740, 180 S.E.2d 664, 667 (1971). Thus, the statutory inquiry necessarily merges with the constitutional inquiry, and, if Defendant's contacts with Virginia trigger Va. Code § 8.01-328.1, it has necessarily purposefully availed itself of the privileges and protections of Virginia such that this Court's assertion of jurisdiction would be consistent with due process. *Chromodern Chair*, 211 Va. at 741, 180 S.E.2d at 667. Thus, because Plaintiff relies on Va. Code § 8.01-328.1(A) (1) to support jurisdiction, the Court must determine whether Plaintiff has alleged facts that would allow the Court to find that Defendant is "transacting any business" in Virginia within Va. Code § 8.01-328.1(A)(1)'s meaning. *Peninsula Cruise, Inc. v. New River Yacht Sales, Inc.*, 257 Va. 315, 320–21, 512 S.E.2d 560, 563 (1999).

### III. Defendant Has Not "Transact[ed] Any Business" in Virginia within Va. Code § 8.01-328.1(A)(1)'s Meaning

The "transacting-any-business" provision of § 8.01-328.1 is a "single act" prerequisite. *Miller Schuh, P.A.*, 2000 U.S. App. LEXIS 11932, at *7. This does not imply, however, that any single act within Virginia is sufficient to establish jurisdiction under the "transacting-any-business" provision. Instead, only a "substantial" transaction will satisfy Virginia's long-arm statute. *English & Smith v. Metzger*, 901 F.2d 36, 38 (4th Cir. 1990).

When a contract between the parties gives rise to the defendant's contacts with Virginia, courts look to four factors to determine whether the defendant is "transacting business" in Virginia. *Miller Schuh, P.A.*, 2000 U.S. App. LEXIS 11932, at *7 (examining a defendant's contacts with Virginia in the context of a pooling agreement that governed how various law firms were going to share fees generated in litigation). Specifically, courts look at "(i) where any contracting occurred and where the negotiations took place, (ii) who initiated the contact, (iii) the extent of the communications, both telephonic and written, between the parties, and (iv) where the obligations of the parties to the contract were to be performed." *Id.*

First, Plaintiff alleges that Defendant negotiated the lease knowing that Plaintiff's representatives were in Virginia. But Plaintiff has not alleged that Defendant entered Virginia to negotiate or execute the lease agreement. Mere contract negotiations in Virginia, however, are not sufficient to support jurisdiction in Virginia. *See, e.g., Veirs v. Mounts*, 466 F. Supp. 187, 191 (E.D. Va. 1979) ("[M]ere contract negotiations carried out in Virginia between a state citizen and a nonresident, with execution and performance of the contract in a foreign forum, would not appear to provide the nexus with Virginia necessary for in personam jurisdiction to be asserted under the 'transacting business' subsection . . . .").

Second, Plaintiff has not alleged who initiated the contact between the parties. Without a specific allegation that Defendant reached out to Plaintiff in Virginia, this factor does not suggest that Defendant transacted business in Virginia.

Third, Plaintiff alleges that Plaintiff and Defendant have exchanged numerous communications throughout the lease term. These include "written correspondence, telephone, email, facsimile, and other communications to and from Dollar Tree's headquarters in Chesapeake" sent to negotiate the lease and discuss billing charges. In addition, Plaintiff alleges that Defendant regularly sent billing statements to Defendant in Chesapeake.

Finally, Plaintiff alleges that Plaintiff leases a storefront in New York. In addition, Plaintiff alleges that Defendant sends billing statements to Virginia and Plaintiff sends lease payments from Virginia to Defendant in New York.

Considering all of these factors, the Court cannot conclude that Defendant has or is transacting business in Virginia within Va. Code § 8.01-328.1(A)(1)'s meaning. It is clear from Plaintiff's allegations that the preponderance of the lease obligations are to be performed in New York. Defendant must provide a certain New York storefront to Plaintiff, and Plaintiff must occupy that storefront for a particular number of years. Secondary to these main lease obligations, Defendant is required to send billing statements to Virginia, and the parties occasionally communicate about these billing statements. Cross-border negotiations and communications between a Virginia corporation and an out-of-state LLC are insufficient to compel the Court to conclude that Defendant transacted business in Virginia. It is possible for an out-of-state entity to transact business *with* a Virginia corporation while not actually transacting any business *in* Virginia that is sufficiently substantial to invoke Va. Code § 8.01-328.1(A)(1).

Plaintiff, however, argues that *Burger King v. Rudzewicz* demands a different result. 471 U.S. 462 (1985). Plaintiff's reliance on *Burger King*, however, is misplaced. First, *Burger King* specifically rejected "talismanic jurisdictional formulas," and "the facts of each case must [always] be weighed." *Id.* at 485 (internal quotations omitted).

Second, *Burger King* only addressed the due-process analysis of *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945). *Burger King*, 471 U.S. at 464. Thus, it did not address this Court's threshold question of whether the defendant was transacting any business in Virginia. Plaintiff argues that the Court should ignore Va. Code § 8.01-328.1 and simply conduct the due-process analysis. A proper reading of *Chromodern Chair* requires the Court to determine whether Defendant transacted business in Virginia. *I.T. Sales, Inc. v. Dry*, 222 Va. 6, 9, 278 S.E.2d 789, 791 (1981). A defendant can only "transact business" in Virginia within Va. Code § 8.01-328.1's meaning if its transaction of business is sufficiently substantial to satisfy the due-process analysis. *Id.* This does not mean that

any contacts that satisfy due process are sufficient to invoke Va. Code § 8.01-328.1(A)(1).

Third, *Burger King* found it significant that the defendant "[reached] out beyond Michigan" and into the forum state. 471 U.S. at 479–80. Because of this, *Burger King* noted that the defendant's contacts with the forum state could not be considered random or fortuitous. *Id.* at 480. Here, however, Plaintiffs have not alleged that defendant reached out to plaintiff in Virginia and sought to establish a long-term business relationship. The only reason Defendant has any contacts with Virginia is because Plaintiff happens to reside here. Without knowing more about how the parties' relationship came to be, the Court cannot find that Defendant purposefully reached beyond New York to do business with a Virginia entity.

Finally, *Burger King* also found it significant that the parties' contract included a choice-of-law provision that dictated that the forum's law governed the agreement. *Id.* at 481–82. The Court found that choice-of-law provisions are important when assessing whether a defendant has purposefully availed itself of the privileges and protections of the forum state. *Id.* Here, however, the parties did not include a choice-of-law provision. Again, the preponderance of the lease obligations must be performed in New York. The contacts Defendant has had with the forum state include communications directed into Virginia. These communications alone are not sufficient to indicate that Defendant purposefully availed itself of Virginia's privileges and protections.

For the reasons stated above, the Court lacks personal jurisdiction over Defendant. Accordingly, this suit is dismissed without prejudice.